## HOME SAVINGS & LOAN CO v VANN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 5, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, and Russell McKay, Youngstown, for plaintiff in error.

Edwin G. O'Connor, and John B. Morgan, Youngstown, for defendant in error.

## OPINION

By LYNCH, J.

Numerous alleged errors are urged in oral argument and in the briefs; that is to say, numerous errors on the part of the trial court are claimed, but under the conclusion we have reached in this case, aside from a few pertinent observations that we may make, only one of these alleged errors requires much discussion. It is urged that the court below erred in overruling the motion of the plaintiff in error to direct the jury to return a verdict in favor of the defendant at the close of his evidence, and also erred in overruling the motion renewed or made at the close of all the evidence, it being claimed with force in this case that this money was withdrawn and transferred in the usual and ordinary way, and for that reason the court should have instructed the jury to return a verdict in favor of the plaintiff in error in the court below.

We believe there was no error in so doing, for the reason this case involves the question of good faith on the part of the plaintiff in error. The transaction has some unusual facts. The main and outstanding fact, so far as being unusual is concerned, is that instead of the money being delivered to the party presenting the withdrawal slip, the account of Nellie I. Vann was transferred directly to her said mother. So,

as I have said, we find the question of good faith is involved, and for that reason there was no error on the part of the court in overruling both of the motions of the plaintiff in error to direct a verdict. We believe and find that there was sufficient evidence to present that issue to the jury.

Numerous errors are urged in the charge of the court, and the charge of the court is especially claimed to be erroneous with respect to the statements made as to the insanity of Nellie I. Vann, and the effect the same would in all probability have upon the jury. We can not see how the court could have properly refrained from saying something to the jury as to the physical condition, and in this case the mental condition, in view of the testimony of Mr. Jones, the treasurer of the plaintiff in error, as to his knowledge with respect to the condition of Nellie I. Vann at the time the withdrawal slip was presented and the transfer was made. However, we are not now passing on the question as to whether the court went too far upon that proposition. If the plaintiff in error had paid the actual money here involved to Elizabeth Ryser, instead of transferring the same to her own account, at the time the pass book and withdrawal slip was presented, in our judgment, and I am choosing my words now with care, we would not have a wholly analogous case to the one shown by the record. The withdrawal slip is apparently regular in form. It seems to be in accordance with the usual practice in such matters and is generally honored in the absence of bad faith when accompanied by the necessary pass book, and under these conditions it is the usual practice, and probably proper practice, to deliver the money called for on the withdrawal slip to the parties so presenting the same. So I observe again, this is not wholly that kind of a case, and in this connection I desire to further observe we find that the court properly charged the jury with respect to good faith on the part of the plaintiff here, and if this case should be reversed on another ground we desire to give our approval to that part of the charge relating to good faith on the part of the plaintiff in error, because the question of good faith would still exist, and would be an issue.

I desire to read the charge with respect to the question of good faith, as shown on pages 83 and 84 of the record:

"The defendant, however, sets up justification for the admitted withdrawal and transfer of this fund, saying that these monies were lawfully and legally and properly withdrawn. The regulations of the defendant company for withdrawing deposits if properly made known to the depositor constituted a part of the contract between this depositor and the defendant bank, but a stipulation in these regulations that the deposit may be paid to one presenting such book, together with a withdrawal receipt, does not relieve the defendant banking company from the duty of exercising good faith and reasonable care when such book and receipt are tendered. In other words, presentation of the pass book and the withdrawal slip alone was in itself not sufficient to authorize the payment or withdrawal of the deposit. The circumstances, the parties and other matters putting a reasonable person on inquiry, if any such circumstances there were, are also to be considered in connection with the regulation as to presentation of the pass book accompanied by a withdrawal receipt or slip. So that in this case in order to justify the payment, withdrawal or transfer of this deposit or fund, the defendant, the bank, was obliged to exercise and use reasonable care under all the circumstances, and the burden is on it to show that it did use good faith and such care."

I read that because I do not desire to be misunderstood as to what our conclusions are in this case.

There is in this case, in our opinion, an exception which is vital to this judgment. It is one that is not often held to be prejudicial error. The vital question in this case, as we have determined it, relates to the refusal of the court to permit the plaintiff in error to introduce certain evidence. I have reference to the testimony relating to a gift inter vivos between this mother and daughter. The learned court below took the view that this evidence was not admissible as in its opinion there was no issue insofar as a gift was concerned. We view it otherwise. It is alleged, in fact the very basis of the action here against the plaintiff in error is the claim that it unlawfully and wrongfully paid out this deposit. The record shows the circumstances, facts and conditions under which it was paid out. We may call it paid out so far as this original deposit was concerned. If in fact this deposit was given by Mrs. Vann to her mother as a gift inter vivos, that in our judgment constituted a good defense so far as the plaintiff in error is concerned. Admittedly the money was turned over to the mother of Mrs. Vann. If it belonged to her by virtue of a gift inter vivos, there could be no wrongful or un-

lawful act on the part of the plaintiff in error in transferring the same to her.

So this testimony in our judgment was not only competent and admissible but was very important in this case. It is not necessary for us to take time to recite the names of the witnesses, or their testimony, as shown by the record, had they been permitted to testify, but suffice it to say we find that all the evidence bearing upon the question of a gift inter vivos tendered was admissible, or any other evidence tending to show a gift, and by reason of the error on the part of the trial court in not permitting the introduction of the testimony tendered relative to a gift inter vivos, the judgment of the court below is reversed and this cause is remanded to the Common Pleas Court for such further proceedings as are authorized by law.

Judgment reversed.

ROBERTS and SMITH, JJ, concur in the judgment.